UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

WILLIE J. SMITH, JR.,

                Petitioner,

v.

BRIAN WILLIAMS, et al.,

                Respondents.

Case No. 2:15-cv-01899-GMN-NJK

ORDER

On October 20, 2015, this court dismissed petitioner Willie J. Smith, Jr.'s *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with prejudice as second and successive, and judgment was entered (ECF Nos. 4, 6). Before the court are various motions by Smith, including a motion for reconsideration and a motion to reopen the case (ECF Nos. 7, 8).

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1). Relief under subsection (b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rule 60(b) applies to habeas proceedings, but only in conformity with Antiterrorism and Effective Death Penalty Act (AEDPA), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). *Gonzalez*, 545 U.S. at 529. When a Rule 60(b) motion attacks some defect in the integrity of the federal habeas proceedings and not the substance of the court's resolution of a claim on the

1

merits the court should address it as it would a Rule 60(b) motion raised in any other civil case. *Id.* at 532.

Here, Smith does not assert some defect in the integrity of the federal habeas proceedings. Instead, he acknowledges in his motions that he must seek leave to file his second and successive petition, but he appears to be confused about with which court to seek leave. As this court has explained previously, petitioner is required to seek and obtain leave of the Ninth Circuit Court of Appeals to pursue his petition. *See* 28 U.S.C. § 2244(b)(3) et seq. This court may not authorize petitioner to file a second and successive petition. This case is closed, and again, petitioner must seek recourse with the Ninth Circuit.

**IT IS THEREFORE ORDERED** that petitioner's motion for district judge to reconsider order (ECF No. 7) and motion for reopening (ECF No. 8) are both **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motions for copies (ECF Nos. 13 and 15) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall send to petitioner one copy of his petition at ECF No. 5 and one copy of this court's order dated October 20, 2015, at ECF No. 4.

DATED: 5th of July 2016.

GLORIA M. NAVARRO, CHIEF JUDGE
UNITED STATES DISTRICT COURT